Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PEDRO ERNESTO VALENTÍN SOBRINO<br><br>Apelante<br><br>v.<br><br>SANDRA T. CAMUÑAS CÓRDOVA<br><br>Apelada | KLAN202500426 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K AC2014-0034 (505)<br><br>Sobre:<br>División Comunidad Post Matrimonial |

Panel integrado por su presidente, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

El apelante, Pedro E. Valentín Sobrino solicita que revoquemos la Sentencia en la que el Tribunal de Primera Instancia adoptó en su totalidad el Informe Final Enmendado y el Cuaderno Particional de la Comisionada Especial en un pleito sobre liquidación de comunidad de bienes posgananciales.

La apelada, Sandra T. Camuñas Córdoba presentó su oposición al recurso. Los hechos pertinentes para atender y resolver este recurso son los siguientes.

**I**

El 27 de enero de 2014 el apelante presentó una demanda en la que solicitó la liquidación de la comunidad posganancial constituida con la apelada. Esta última solicitó la designación de un contador partidor. El 2 de febrero de 2018, el TPI nombró Comisionada Especial a la Lcda. Haydee Pagani Padró. El 4 de noviembre de 2022 la Comisionada Especial presentó el Informe Final Enmendado. El TPI

---

[1] Conforme a la Orden Administrativa OATA-2025-079, el Hon. José J. Monge Gómez sustituye al Hon. Félix R. Figueroa Cabán.

concedió un término a las partes para expresarse.[2] La apelada expresó oportunamente su acuerdo con el Informe Final Enmendado.[3] No obstante, no es hasta el 2 de febrero de 2023 que el apelante presentó una moción en la que impugnó el informe y solicitó el relevo de la Comisionada Especial, alegando el incumplimiento craso de sus responsabilidades y deberes.[4] El 26 de junio de 2023 el tribunal declaró no ha lugar su solicitud, debido a que no evidenció las alegaciones de perjurio y conspiración contra la Comisionada Especial. El foro primario, instruyó al apelante a presentar una declaración jurada en caso de tener evidencia de hechos específicos que probasen los elementos de los delitos imputados.[5] El apelante no solicitó reconsideración de esa determinación.

Así las cosas, la Comisionada Especial presentó el Cuaderno Particional.[6] El 20 de junio de 2024 el TPI concedió 20 días a las partes para expresarse.[7] La apelada expresó su acuerdo con el Cuaderno Particional dentro del término concedido.[8] El 30 de septiembre de 2024, el TPI concedió 10 finales al apelante para expresarse, en vista de su incumplimiento con la orden de 20 de junio de 2024.[9]

El 24 de octubre de 2024 el TPI ordenó a la Comisiona Especial confirmar la procedencia de la cuantía de $508,678.00 incluida en el Cuaderno, e informó que no tenía ningún cuestionamiento sobre las demás cuantías. La Comisionada confirmó que cometió un error matemático y lo corrigió. Fue enfática en que ese error no afectó sus determinaciones de hecho y conclusiones de derecho.[10]

El apelante presentó una moción urgente en la que alegó el incumplimiento craso de la Comisionada Especial con el envío de los

---

[2] Apéndice del recurso en oposición, página 61.
[3] Id, página 63.
[4] Apéndice del recurso, pagina 558.
[5] Apéndice del recurso en oposición, página 88.
[6] Apéndice del recurso, pagina 597.
[7] Apéndice del recurso en oposición, página 90.
[8] Id, pagina 91.
[9] Id, pagina 93.
[10] Apéndice del recurso, pagina 599.

documentos radicados en unión al informe enmendado. El 15 de noviembre de 2024 el TPI respondió mediante orden de la siguiente manera.

> Cualquiera de las partes puede comparecer a la Secretaría del Tribunal y solicitar acceso al expediente y se le otorgará en ese mismo momento. En beneficio de la parte demandante, se va a conceder un término adicional y final de 20 días para que pueda examinar los tomos que necesite. Luego de examinados los tomos, tendrá 10 días para expresarse.[11]

El 22 de noviembre de 2024, la apelada pidió al tribunal que dictara sentencia decretando la liquidación de la comunidad post ganancial según lo dispuesto en el Cuaderno Particional y ordenara al apelante el pago de honorarios por temeridad.[12] Su representación, además presentó otro escrito en respuesta a la moción urgente del apelante, e hizo un reclamo de justicia para su representada. La apelada alegó que el apelante incumplió las múltiples oportunidades concedidas para expresarse sobre el Cuaderno Particional y que la sometió a un largo y costoso litigio que la privó del uso y disfrute de sus bienes. Su representación legal adujo que el apelante alegó que la Comisionada Especial no lo notificó de la moción que acompañaba el Cuaderno Particional con la intención de justificar su incumplimiento. La apelada advirtió que el apelante admitió que recibió dicha moción y que la comisionada fue exonerada de las imputaciones éticas. Por último, advirtió que el Procurador General a quien encontró incursa en violaciones éticas fue a la abogada del apelante.[13]

El TPI acogió el Informe Final Enmendado y el Cuaderno Particional, debido a que ninguna de las partes lo puso en posición para concluir que las determinaciones de hecho y conclusiones de derecho eran erróneas. El 23 de enero de 2025 dictó la sentencia apelada en la que adoptó en su totalidad el Informe Final Enmendado y el Acuerdo

---

[11] Apéndice del recurso en oposición, página 96.
[12] Apéndice del recurso, pagina 611.
[13] Apéndice del recurso en oposición, página 97.

Particional Sometido por la Comisionada Especial, con su aclaración.[14]

El apelante solicitó reconsideración. Su representación legal adujo que (1) la apelada no la notificó de sus escritos, ni evidenció el envío por correo certificado, (2) la Comisionada Especial no acompañó con su Informe Final Enmendado los documentos originales que acreditaban sus conclusiones de derecho, (3) no se aplicó el crédito establecido en el artículo 1112 del Código Civil de 1930, (4) la Comisionada erró en muchas de sus determinaciones de hecho y (5) la sentencia era nula.[15] La apelada se opuso a la reconsideración. Finalmente, el TPI denegó la reconsideración, debido a que el tracto procesal evidenciaba que el apelante tuvo tiempo para expresarse sobre el cuaderno particional y se le concedieron prórrogas y el acceso necesario para examinar el expediente.

Inconforme, el apelante presentó este recurso en el que alega que:

1) ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ADOPTAR EN SU TOTALIDAD EL INFORME FINAL ENMENDADO Y EL CUADERNO PARTICIONAL SOMETIDOS POR LA COMISIONADA ESPECIAL PAGANI PADRO, ESTO, A SABIENDAS POR LAS INMENSURABLES MOCIONES RADICADAS POR LA PARTE DEMANDANTE APELANTE INFORMANDO QUE NO CUMPLIO CON ENTREGAR LOS DOCUMENTOS O EVIDENCIAS QUE SUSTENTEN SUS DETERMINACIONES DE HECHOS PUES HAY MUCHOS HECHOS FALSOS, TERGIVERSADOS A FAVOR DE LA PARTE DEMANDADA APELADA, SIN ESCRUPULOS, NI PREOCUPACIÓN ALGUNA DE LAS DEVASTADORAS CONSECUENCIAS COMO PUDO EL JUEZ CORROBORAR LAS DETERMINACIONES DE HECHO, CUANDO EN NINGÚN MOMENTO LA COMISIONADA ESPECIAL CUMPLIÓ CON LA REGLA 41.5 DE PROCEDIMIENTO CIVIL NO PROVEYENDO NINGÚN DOCUMENTO PARA CONSTATAR LO INDICADO COMO DETERMINACIONES DE HECHO.

2) ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO VERIFICAR LA DETERMINACIÓN DE HECHO FALSA RESPECTO AL CREDITO SOLICITADO POR LA PARTE DEMANDANTE APELANTE AL AMPARO DEL ARTÍCULO 1112 DEL CÓDIGO CIVIL DE PUERTO RICO, Y LA NEGACIÓN DEL MISMO DE MANERA FRÍVOLA Y CAPRICHOSA.

---

[14] Apéndice del recurso, pagina 1.
[15] Id, pagina 2.

3) ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR FALTA DE NOTIFICACIÓN DE MOCION RADICADA POR LA PARTE DEMANDADA APELADA EL MISMO DIA DE SU RADICACIÓN, MAQUIAVELICA Y FRAUDULENTAMENTE, LA PARTE DEMANDANTE APELANTE, PARA QUE DESCONOCIERAMOS DE SU PETICION Y OBTENER VENTAJA, SE CONOCIO DE LA RADICACIÓN CUANDO EL JUEZ SOLICITA SE EXPONGA POSTURA ERA UNA MOCION SOLICITANDO SENTENCIA. (Apéndice 21, Pagina 596-598) DEL 15 DE OCTUBRE DE 2024. LA PARTE DEMANDADA APELADA SIEMPRE A NOTIFICADO MEDIANTE CORREO ELECTRÓNICO A LA PARTE DEMANDANTE APELANTE Y A LA COMISIONADA ESPECIAL, SE PUEDEN EXAMINAR LOS VOLUMENES DE EXPEDIENTES LEGALES DE SECRETARIA DEL TRIBUNAL QUE TODAS LAS NOTIFICACIONES FUERON CERTIFICADAS ENVIADAS POR CORREO ELECTRÓNICO CONFORME DISPONE LA REGLA 67.6 DE PROCEDIMIENTO CIVIL DE PUERTO RICO. LA PARTE NEMANDANTE APELANTE ENVIÓ MISIVA (Apéndice 22, Página 599) A LA ABOGADA DE LA PARTE DEMANDADA APELADA, EL 29 de enero de 2025 SOLICITUD DE LOS ESCRITOS RADICADOS RECIBIÓ EL CORREO ELECTRÓNICO (Apéndice 23, Página 600) LA PARTE DEMANDANTE APELANTE LA MOCIÓN EL 2 DE FEBRERO DE 2025.

4) ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RECIBIR EL MEMORANDO DE COSTAS DE LA PARTE DEMANDADA APELADA Y NOTIFICAR ENTERADO ESTO CUANDO LA ABOGADA HERNÁNDEZ GONZÁLEZ INCLUYE COMO PARTE DE SU EQUIPO DE TRABAJO LOS HONORARIOS DE LA COMISIONADA ESPECIAL LCDA HEIDI PAGANI (NOMBRADA MUY FRATERNAL, AMISTOSA, HERMANDAD, ÍNTIMO, CONFIANZA Y AFECTUOSO.

## II

### COMISIONADO ESPECIAL

La figura del comisionado especial está regulada en la Regla 41 de Procedimiento Civil, 32 LPRA Ap. V, en la que se describe a cabalidad; (1) el nombramiento, (2) compensación, (3) las encomiendas que se le pueden otorgar, (4) sus poderes, (5) el proceso a llevarse cuando se le encomienda un asunto y (6) el informe que debe realizar sobre los asuntos encomendados que y que deberá entregar en la Secretaria del tribunal. Sus responsabilidades pueden ser análogas a las de un contador partidor e incluso más abarcadoras, dependiendo de las necesidades particulares de cada caso. *Tous Rodríguez v. Sucn. Tous Oliver et. Al,* 212 DPR 686, 704-705 (2023). La encomienda de un

asunto a un comisionado o comisionada será la excepción y no la regla. Las únicas situaciones en que se justifica su designación son cuando están involucradas cuentas, y cómputos difíciles de daños o casos que involucren cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado. El tribunal no nombrara un comisionado, si una de las partes demuestra que eso acarrea una dilación innecesaria o costos irrazonables. Regla 41.2 de Procedimiento Civil. 32 LPRA Ap. V.

Por su parte, el informe del Comisionado Especial, fruto de su trabajo está regulado en la Regla 41.5 de Procedimiento Civil, 32 LPRA Ap. V. Los pasos a seguir sobre el contenido, presentación y otros, son los siguientes:

1. El comisionado podrá preparar un Proyecto de Informe a los abogados o abogadas de todas las partes para recibir sus sugerencias. La secretaria del tribunal lo notificará inmediatamente a todas las partes.

2. El comisionado o comisionada preparará un informe con determinaciones sobre todos los asuntos que le encomendó el tribunal.

3. El informe incluirá determinaciones de hecho y conclusiones de derecho, cuando se exija.

4. **El informe acompañará una relación de los procedimientos, un resumen de la prueba y los exhibits originales, salvo que se disponga otra cosa.**

5. El tribunal aceptara las determinaciones de hecho del comisionado en todos los casos, salvo que sean claramente erróneas.

6. Las partes podrán notificar por escrito a las otras sus objeciones al informe dentro de los 20 días siguientes a su notificación o en término que disponga el tribunal.

7. La solicitud para que el tribunal tome la acción que proceda sobre el informe y sus objeciones, será mediante moción y se notificara conforme a la regla 67.

8. El tribunal podrá adoptar el informe, modificarlo, o rechazarlo en todo o en parte o recibir evidencia adicional o devolverlo con instrucciones.

9. El informe se presentará en la Secretaria el tribunal en la fecha señalada.

De extrema pertinencia a la controversia que hoy atendemos el Tribunal Supremo de Puerto Rico reconoció en *García v. Montero Saldaña,* 107 DPR 319, 326 (1978) que el informe del comisionado no necesariamente tenía que estar acompañado de la transcripción de los procedimientos y de los exhibits originales como se expresó en el texto de la entonces vigente regla 41.5(a). La decisión advirtió que lo dispuesto por el legislador era una guía o directriz que los tribunales no están obligados a cumplir en todos los casos. Aunque *García v. Montero* se resolvió durante la vigencia de las anteriores Reglas de Procedimiento Civil, el texto de la Regla 41.5 (a) *supra*, también incluyó los documentos originales. No obstante, el legislador confirió discreción al tribunal para disponer de otro modo.

El Comisionado Especial está en mejor posición para aquilatar la prueba, ya que ocupa el papel del juzgador de instancia. Sus conclusiones de hecho no serán alteradas salvo que se demuestre que obró con prejuicio, parcialidad, o error manifiesto. La norma de deferencia se aplica exclusivamente a testimonios orales vertidos en su presencia. Tal deferencia no es extensiva a la prueba documental. *In re Ortiz Brunet* 152 DPR 542, 548-549 (2000).

## LA NOTIFICACIÓN Y PRESENTACIÓN DE LOS ESCRITOS EN EL TRIBUNAL

La Regla 67 de Procedimiento Civil, 32 LPRA Ap. V, contiene las pautas que rigen la notificación y presentación de los escritos en el tribunal. Las partes son responsables de notificar todos sus escritos a todas las demás partes en el pleito. La notificación será el mismo de día en que los escritos son presentados y se realizará a los abogados de las partes que han comparecido asistidas por representación legal. Sin embargo, existe la salvedad de que el tribunal ordene que se notifique a la misma parte. La forma de notificar será entregando copia del escrito remitiéndola por correo, fax o medio electrónico a la última dirección consignada en el expediente por la parte que se auto representa o a la

dirección de su representante legal en el registro del Tribunal Supremo. No obstante, cuando la dirección es desconocida se notificará al tribunal la situación y se acompañará copia del escrito. Por último, los escritos presentados deberán contener una certificación que acredite el cumplimiento de todos los requisitos establecidos, sujeto a lo dispuesto en la Regla 9 de Procedimiento Civil, 32 LPRA Ap. V.

**III**

El apelante alega en el primer señalamiento de error que, la comisionada especial, (1) no acompañó los documentos originales que utilizó para sus cómputos, como se exige en la Regla 41.5 *supra,* (2) cometió perjuicio, porque hizo determinaciones de hecho falsas para beneficiar a la apelada, (3) aceptó un perito descalificado y, (4) actuó de forma discriminatoria para propiciar el enriquecimiento injusto de la apelada.

Por su parte, la apelada sostiene que las determinaciones de hecho de la comisionada especial están basadas en la prueba que obra en el expediente. Su representación legal alega que la Regla 45.1, *supra,* no establece una obligación inquebrantable de presentar los documentos originales que utilizó para realizar el informe.

El primer señalamiento de error no se cometió. La comisionada especial no incumplió con la Regla 41.5, *supra,* porque no tiene la obligación inexorable de presentar los exbibits originales que utilizó para realizar su trabajo. El Tribunal Supremo de Puerto Rico resolvió bajo la vigencia de las anteriores reglas, que los tribunales no están obligados a exigir que el informe del comisionado especial esté acompañado de una transcripción y de los exbibits originales. Fue enfático en que esa expresión era una guía o directriz que los tribunales no están obligados a cumplir en todos los casos. Por último, advertimos que el legislador confirió discreción a los tribunales en la actual Regla 41.5 (a), *supra,* para disponer de otro modo.

Por otro lado, es evidente que el TPI garantizó el derecho del apelante a tener acceso al informe de la comisionada y a la totalidad del expediente. El apelante alegó que la comisionada especial no le envió los documentos que acompañó con su informe. No obstante, el 15 de noviembre de 2024, el TPI emitió una orden en la que salvaguardó el derecho de ambas partes a comparecer a la Secretaría, para tener acceso inmediato al expediente. El TPI concedió expresamente al apelante 20 días para examinar los tomos que entendiera necesarios y diez días adicionales para expresarse.

El apelante en el primer señalamiento de error también ataca la corrección y veracidad del informe con imputaciones éticas injustificadas contra la comisionada especial. El Tribunal Supremo de Puerto Rico exoneró a la comisionada especial de todas las imputaciones éticas que el apelante hace en su contra. Sin embargo, el apelante persiste en hacer las mismas imputaciones contra la comisionada especial. El apelante solicitó al TPI el relevo de la comisionada, porque incumplió con sus deberes y responsabilidades y, presentó una querella disciplinaria en su contra basada en las mismas imputaciones. La querella disciplinaria incluyó imputaciones de proveer información falsa, parcialidad a favor de la apelada, falta de documentos, cálculos incorrectos, omisiones para favorecer a la apelada y perjurio. El TPI denegó la moción de impugnación, debido a la ausencia de evidencia para sustentar las alegaciones contra la comisionada especial. No obstante, advirtió al apelante que, de tener evidencia sobre hechos específicos para demostrar el perjuicio o conspiración de la comisionada especial, debía hacerlo constar en una declaración jurada. El apelante no cuestionó oportunamente esa decisión, ni presentó una declaración jurada con hechos específicos que sustentaran sus imputaciones contra la apelada. Sin embargo, revivió las mismas imputaciones éticas contra la comisionada, sin la prueba requerida. El TPI lo instruyó nuevamente a sustentar sus

alegaciones mediante una declaración jurada con hechos específicos y nunca lo hizo.

Por su parte el Procurador General exoneró a la Comisionada Especial de todas las imputaciones éticas. Según consta en su informe, al menos ochenta de las alegaciones que el apelante hizo contra la comisionada en el caso que nos ocupa, son idénticas a las que incluyó en la querella disciplinaria. El Procurador hizo hincapié en que el apelante atribuyó a la comisionada especial en ambos procedimientos, (1) incumplimiento craso de sus responsabilidades y deberes, (2) perjurio, (3) fraude, (4) parcialidad y conducta impropia y, (5) pidió que fuera removida de su cargo y la nulidad de su informe. El Procurador General concluyó que las imputaciones éticas del apelante contra la comisionada especial estaban motivadas por su inconformidad con las determinaciones de hecho y conclusiones de derecho de su informe. No obstante, al igual que TPI, determinó que no estaban sustentadas con prueba ni con una declaración jurada. El Procurador advirtió que el apelante tenía que objetar el informe en el pleito judicial, pero no presentó la declaración jurada requerida para sustentar sus alegaciones. Finalmente, el Procurador General encontró a la abogada del apelante incursa en violaciones éticas, debido a que imputó fraude a la comisionada especial, sin prueba contundente e indubitada y atentó contra la dignidad de la profesión legal. El 26 de enero de 2024 el Tribunal Supremo de Puerto Rico archivó la querella contra la comisionada.[16]

En fin, como adelantáramos, el TPI no cometió el primer señalamiento de error. El apelante no demostró con hechos específicos que la comisionada especial cometió perjurio o se parcializó a favor de la apelada, ni presentó una declaración jurada para sustentar sus alegaciones. El Procurador General la exoneró de cometer las mismas

---

[16] Apéndice del recurso en oposición, página 66.

violaciones que el apelante le imputa en este caso y concluyó que fue su abogada quien violó los cánones de ética. Finalmente, el Tribunal Supremo de Puerto Rico la exoneró de la querella disciplinaria.

El apelante alega en el segundo señalamiento de error que el TPI le denegó incorrectamente un crédito de $343,278.69, correspondiente al 50%, de los $686,557.37 retirados de una cuenta bancaria para el pago de alimentos. Además, insiste injustificadamente y sin evidencia alguna en que la comisionada especial proveyó información falsa en beneficio de la apelada.

El TPI no cometió el segundo señalamiento, porque ese crédito fue denegado en el caso de familia, donde se adjudicaron y resolvieron todas las controversias relacionadas con la pensión alimentaria. Por consiguiente, la comisionada especial estaba impedida de evaluar su procedencia y resolver de forma contraria a lo que determinó el tribunal en ese pleito. El apelante cuestionó la decisión e incluso pidió la recusación de la jueza que atendió el caso de divorcio y alimentos.[17] Sin embargo, sus argumentos no prosperaron.

El apelante alega en síntesis en el tercer señalamiento de error, que la apelada no le notificó la Moción Solicitando Sentencia. Su representación legal, atribuye a la apelada un comportamiento maquiavélico y fraudulento para obtener ventaja. Por otro lado, cuestiona que la apelada optara por notificarle por correo certificado con acuse de recibo, debido a que siempre lo hizo por correo electrónico.

Por su parte, la apelada niega que incumplió con los requisitos de la Regla 67.1, *supra,* y argumenta que la notificación de la Moción Solicitando Sentencia, no tiene ningún efecto sobre el contenido del informe de la comisionada especial, ni sobre la determinación de tribunal de acogerlo en su totalidad y dictar sentencia de conformidad.

---

[17] Apéndice del recurso en oposición, página 37.

El apelante cuestionó al TPI que la apelada no lo notificó su solicitud de sentencia el mismo día que la presentó. Sin embargo, la abogada de la apelada certificó en la Moción Solicitando Sentencia que notificó a la Lcda. Ametza Delgado Cardona a su correo electrónico, en la misma fecha que la presentó.[18] Igualmente consta en el expediente, que el 2 de febrero de 2025 la representación legal de la apelada envió un correo electrónico a la abogada del apelante con copia de ese documento. La apelada envió ese correo electrónico, como respuesta a la comunicación en la que la abogada del apelante le imputó mala fe.[19] Su abogada advirtió a la representación legal del apelante la notificación del Memorando de Costas y la Moción Solicitando Honorarios de Abogado mediante correo certificado con acuse de recibo. La apelada informó que optó por notificar a la apelante por correo certificado, debido a sus quejas constantes de falta de notificación. No obstante, consta en el expediente que la notificación a la abogada del apelante por correo certificado con acude de recibo fue devuelta, debido a que no fue reclamada.[20]

Los cuestionamientos del apelante a la notificación por correo certificado con acuse de recibo no tienen méritos, porque en las Reglas de Procedimiento Civil, se permite ese tipo de notificación. Por último, advertimos que, aunque fuera cierto que la apelada no notificó a la apelada la Moción Solicitando Sentencia el día de su presentación, ese asunto no incide sobre la credibilidad y corrección que el TPI adjudicó al informe de la comisionada.

Finalmente, el apelante alega que el TPI no podía recibir el Memorando de Costas, porque la apelada incluyó los honorarios de la comisionada especial como parte de los honorarios de su abogada. Nuevamente alega la existencia de una relación fraternal, amistosa,

---

[18] Apéndice del recurso, pagina 611.
[19] Id, pág. 614.
[20] Apéndice del recurso en oposición, páginas 154-157.

intima, de confianza y afectuosa entre la apelada y la comisionada especial. El apelante niega que ha sido temerario, pero imputa temeridad a la apelada.

Por su parte la apelada, argumenta que el TPI no paso juicio sobre las costas del pleito en la sentencia. No obstante, reclama su derecho a solicitar el pago de las costas, debido a que prevaleció en el pleito y le hizo una oferta transaccional al apelante que rechazó. La apelada defiende su derecho a cobrar el trabajo de la comisionada especial como parte de las costas.

La apelada tiene razón. El cuarto señalamiento de error es inconsecuente. El TPI no adjudicó costas ni honorarios en la sentencia apelada. El apelante, cuestiona simplemente que el tribunal se dio por enterado de la presentación del Memorando de Costas y que lo recibió.

Ninguno de los señalamientos de error, puso en tela de juicio la credibilidad que el TPI adjudicó al Informe Final Enmendado de la Comisionada Especial que aquilató la prueba testifical, y ocupó el papel del juzgador de instancia. Tampoco existe evidencia alguna de que la comisionada especial evaluó incorrectamente la prueba documental. El apelante no demostró que la comisionada especial obró con prejuicio, parcialidad, o error manifiesto. Por el contrario, el apelante y su representación legal se han dedicado a hacer imputaciones éticas en su contra. No obstante, el Tribunal Supremo de Puerto Rico determinó que la comisionada especial no cometió ninguna de las violaciones éticas que el apelante le atribuye. Aun así, el apelante insiste en hacer imputaciones éticas en su contra. Sin embargo, el Procurador General concluyó que su abogada violó la ética de la profesión, por sus alegaciones infundadas contra la comisionada especial.

**IV**

Tomando en consideración los fundamentos expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones